## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMSON SILBERMAN, on behalf of himself and all others similarly situated, | Civil Case No.:_____ |
| Plaintiff(s), | |
| | **CIVIL ACTION** |
| -against- | |
| | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| BAC SERVICES, LLC d/b/a BUREAU OF ACCOUNTS CONTROL, and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, SAMSON SILBERMAN, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, BAC SERVICES, LLC d/b/a BUREAU OF ACCOUNTS CONTROL ("BAC"),   JOHN DOES 1-25 ("Defendants") their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.     Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.       As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.       The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.       Plaintiff, is a natural person and a resident of Bergen County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.       BAC  maintains a location in Howell, New Jersey.

8.       Upon information and belief, BAC uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.       BAC is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.      John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.      Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent communications from BAC concerning a debt and/or obligation owed to another, which included the alleged conduct and practices described herein.

- <u>The class definition may be subsequently modified or refined</u>.

- <u>The Class period begins one year to the filing of this Action</u>.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.    Whether the BAC violated various provisions of the FDCPA.

    b.    Whether Plaintiff and the Class have been injured by the BAC's conduct;

    c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of BAC's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as

monetary damages. If BAC's conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of their ill-gotten gains.

- BAC has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. On or before January 4, 2019, Plaintiff allegedly incurred a financial obligation with PRIORITY MEDICAL INC. ("PMI").

16. The PMI obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The PMI obligation arose out of a transaction, which was not for business purposes.

18. The PMI obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. PMI is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. On or before December 17, 2019, the PMI obligation was referred to BAC for the purpose of collection.

21. At the time the PMI obligation was placed BAC the PMI obligation was past due.

22. At the time the PMI obligation was placed BAC the PMI obligation was in default.

23.     Prior to December 5, 2019, BAC sent a letter to Plaintiff attempting to collect the PMI obligation.

24.     On or December 5, 2019, Plaintiff sent written notice to BAC disputing the PMI obligation.

25.     BAC caused to be delivered to Plaintiff a letter dated December 17, 2019, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit A.**

26.     The December 17, 2019 letter stated in part:

| ACCT# | CLIENT | SERVICE DATE | TOTAL |
|---|---|---|---|
| xxx138 | PRIORITY MEDICAL INC. | 1/4/2019 | 950.00 |

27.     The December 17, 2019 letter closed an Invoice from PMI, which stated in part:

| Quantity | Description | Rate | Amount |
|---|---|---|---|
| 1 | E0218/Water circulating | 450.00 | 450.00 |
|  | Attorney Fees | 500.00 | 500.00 |

28.     The December 17, 2019 letter was sent to Plaintiff in connection with the collection of the PMI obligation.

29.     Upon receipt, Plaintiff read the December 17, 2019 letter.

30.     BAC is not a law firm.

31.     At the time BAC sent the December 17, 2019 letter to Plaintiff, PMI had not paid attorney's fees in the amount of $500.00, relating to the collection of the PMI obligation.

32.     At the time BAC sent the December 17, 2019 letter to Plaintiff, BAC had not referred the PMI obligation to an attorney for the purposes of collection.

33.     At the time BAC sent the December 17, 2019 letter to Plaintiff, no court had entered a judgment against Plaintiff relative to the PMI obligation.

34.    At the time BAC sent the December 17, 2019 letter to Plaintiff, no court had awarded attorney's fees and the amount of $500.00 relating to the PMI obligation.

35.    In the event BAC collected the $500.00 of attorney's fees from Plaintiff, it would have received a commission relative to said collection.

36.    The December 17, 2019, from BAC did not itemize the total of $950.00.

37.    BAC knew or should have known that its actions violated the FDCPA.

34.    BAC could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

### POLICIES AND PRACTICES COMPLAINED OF

35.    It is BAC's policy and practice to send written subsequent collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a)    Falsely representing the character of the debt;

(b)    Falsely representing the amount of the debt;

(c)    Falsely representing the legal status of the debt

(d)    Using false and deceptive means to collect the debt; and

(e)    Using unfair and unconscionable means to collect the debt.

36.    On information and belief, BAC sent written communications in the form annexed hereto as **Exhibit A**, to at least 40 natural persons in New Jersey with one year of this Complaint.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

37.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

38.     Collection letters and/or notices, such as those sent by BAC, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

39.     BAC violated 15 U.S.C. §1692e(2)(A) by sending written communications directly to Plaintiff on or about December 17, 2019, which falsely represented the character of the PMI obligation.

40.     BAC falsely represented the character of the PMI obligation by stating in the letter that the "Total" of $950.00 was for services preformed on January 4, 2019, when in fact the amount of $950.00 included a $500.00 attorney fee.

41.     BAC violated 15 U.S.C. §1692e(2)(A) by sending written communications directly to Plaintiff on or about December 17, 2019, which falsely represented the amount of the PMI obligation.

42.     BAC falsely represented the amount of the PMI obligation by stating in the letter that the "Total" of $950.00 was for services preformed on January 4, 2019, when in fact the amount of $950.00 included a $500.00 attorney fee, which was not due and owing.

43.     BAC violated 15 U.S.C. §1692e(2)(A) by sending written communications directly to Plaintiff on or about December 17, 2019, which falsely represented the legal status of the PMI obligation.

44.     BAC falsely represented the legal status of the PMI obligation by by stating in the letter that the "Total" of $950.00 was for attorney's fees, leading the least sophisticated consumer to believe that the PMI obligation had been reduced to judgment at the court.

45.     BAC violated 15 U.S.C. §1692e(10) by sending written communications directly to Plaintiff on or about December 17, 2019, which is misleading and falsely represents that Plaintiff owes $950.00 to PMI.

46.     Upon reading the December 17, 2019 letter, the least sophisticated  consumer would be confused and unsure as to the nature and amount of PMI obligation.

47.     BAC violated 15 U.S.C. §1692f(1) by sending written communications directly to Plaintiff on or about December 17, 2019, attempting to collect a $500.00 attorney's fee, which was not expressly authorized by the document creating the debt and not permitted by law.

48.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

49.     Plaintiffs and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

50.     Plaintiffs and others similarly situated were sent letters, and/or notices, which would have affected their decision-making with regard to the debt.

51.     Plaintiffs and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

52.     Plaintiffs have suffered damages and other harm as a direct result of BAC's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiffs demands judgment against BAC as follows:

      (a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

      (b)    Awarding Plaintiff and the Class statutory damages;

      (c)    Awarding Plaintiff and the Class actual damages;

      (d)    Awarding pre-judgment interest;

      (e)    Awarding post-judgment interest.

      (f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

      (g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: January 14, 2020

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

### **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 14, 2020

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A



BAC SERVICES, LLC
dba BUREAU OF ACCOUNTS CONTROL
P.O. Box 538
Howell, NJ 07731
Phone: 732-370-7047

December 17, 2019

SAMSON SILBERMAN
███████████████████

AGENCY#:    ████26

ACCT #   CLIENT                  SERVICE DATE         TOTAL
███38   PRIORITY MEDICAL INC.     1/4/2019           950.00

In connection with the above captioned matter, enclosed please find
our client's response to your letter. Please contact this office
when you have received this correspondence.

This communication is from a debt collector. This is an attempt to
collect a debt. Any information obtained will be used for that
purpose.

Very truly yours,
Bureau of Accounts Control
BAC Services, LLC
-------------------------------------------------------------------
    IF YOU WISH TO PAY BY VISA, MASTERCARD OR DISCOVER, FILL IN THE
        INFORMATION BELOW AND RETURN THE ENTIRE LETTER TO US.

            VISA / MASTERCARD / DISCOVER (Circle One)

CREDIT CARD #_____    EXP.DATE:_____  SEC.CODE_____
AMOUNT OF PAYMENT $_____  AGENCY# ████826_____
CARDHOLDER NAME:_____
YOUR SIGNATURE:_____  DATE_____